IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-00255-FL

**Alton B. Owen,**

    Plaintiff,

v.

**Carolyn Colvin**, Acting Commissioner of Social Security,

    Defendant.

**Memorandum & Recommendation**

  Plaintiff Alton B. Owen instituted this action on October 31, 2014, to challenge the denial of his application for social security income. Owen claims that Administrative Law Judge Marcus Christ erred in his determination by failing to find that he was capable of only sedentary work and thus disabled pursuant to Medical-Vocational Guidelines ("Grid Rule") 201.14. Owen alternatively argues that new and material evidence of arthritis warrants remand for further consideration. Both Owen and Defendant Carolyn Colvin, the Acting Commissioner of Social Security, have filed motions seeking a judgment on the pleadings in their favor. D.E. 18, 20.

  After reviewing the parties' arguments, the court has determined that ALJ Christ reached the appropriate decision. There is substantial evidence to support ALJ Christ's determination of Owen's residual functional capacity ("RFC") assessment for medium work, with additional limitations. Moreover, the additional evidence submitted by Owen does not warrant remand for further consideration. Therefore the undersigned magistrate judge recommends[1] that Owen's

---

[1] The court has referred this matter to the undersigned for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

Motion for Judgment on the Pleadings be denied, that Colvin's Motion for Judgment on the Pleadings be granted, and that and that the Commissioner's final decision be affirmed.

I. Background

On September 29, 2011, Owen filed applications for disability benefits and supplemental security income on the basis of a disability that allegedly began on December 3, 2010. After his claims were denied at both the initial stage and upon reconsideration, Owen appeared before ALJ Christ for a hearing to determine whether he was entitled to benefits. After the hearing, ALJ Christ determined that Owen was not entitled to benefits because he was not disabled. Tr. at 13–23.

ALJ Christ found that Owen had the following severe impairments: residual effects of stroke and arthritis. *Id.* at 15. ALJ Christ also found that his impairments, alone or in combination, did not meet or equal a Listing impairment. *Id.* at 16. ALJ Christ determined that Owen had the RFC to perform medium work, except that he is restricted from climbing ladders, ropes, or scaffolds but he can climb ramps and stairs frequently; he can balance occasionally; he can stoop and crouch frequently; he can reach overhead occasionally; he must avoid moderate exposure to extreme heat; and he must avoid all exposure to moving machinery and unprotected heights. *Id.* at 17. ALJ Christ also concluded that Owen was unable to perform any past relevant work but that, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he was capable of performing. *Id.* at 21–22. These jobs included: poultry hanger, laundry labeler, and bagger. *Id.* at 22. Thus, ALJ Christ found that Owen was not disabled. *Id*. at 23.

After unsuccessfully seeking review by the Appeals Council, Owen commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g) on October 31, 2014. D.E. 1-1.

## II. Analysis

### A. Standard for Review of the Acting Commissioner's Final Decision

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

### B. Standard for Evaluating Disability

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's RFC is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing

whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

**C.     Medical Evidence**

Owen presented to the Emergency Department in December 2010 and an MRI revealed he had suffered a stroke. Tr. at 357. As a result, Owen experienced numbness on the right side of his face and his upper and lower extremities. *Id.* at 338. After three days, he was discharged from the hospital. *Id.* at 351.

Owen sought care from his primary care physician later that month for right foot pain. *Id.* at 441. A subsequent x-ray of his right foot revealed a dorsal dislocation of the fifth metatarsophalangeal joint as well as mild degenerative joint disease of the ankle *Id.* at 366. Owen reported doing well in February 2011 and had no residual weakness from his stroke. *Id.* at 438.

Owen continued to experience right foot pain and his primary care provider recommended he consult an orthopedist or podiatrist. *Id.* at 431. Palliative care for his foot was recommended. *Id.* at 420. In August 2011, Owen reported that he felt really good and had resumed his activities. *Id.* at 430. He also stated that he had no residual weakness from his stroke. *Id.* at 429. From April 15, 2011, until September 9, 2011, Owen returned to his previous work as a landscape supervisor. *Id.* at 277, 281.

Owen also experienced excessive sleepiness, for which he underwent a sleep study. *Id.* at 453. The study showed mild obstructive sleep apnea and therapy with a C-PAP machine was recommended. *Id.* Treatment notes from a subsequent sleep study in August 2011 noted Owen had full range of motion in all joints as well as normal joints and muscles. *Id.* at 450. Therapy

4

with a C-PAP machine was recommended again. *Id.* at 444. However, by October 2011, Owen had not yet started C-PAP therapy. *Id.* at 428.

Dr. Ayman Gebrail examined Owen on May 27, 2011. *Id.* at 410–13. Dr. Gebrail observed clear speech, intact coordination, and 5/5 strength. *Id.* at 411. Based on Owen's reported symptoms, which included right-sided numbness, Dr. Gebrail opined that he would have difficulty climbing ladders, being in a high position, and carrying heavy objects. *Id.* at 412. Owen was examined by Dr. Ruben Silver on July 12, 2011. *Id.* at 415–17. Dr. Silver found that Owen had no speech problems and no memory problems. *Id.* at 417.

State agency physician Margaret Parrish, M.D. reviewed the evidence on November 8, 2011. *Id.* at 77–79, 90–92. She opined that Owen was capable of medium work with only occasional climbing of ladders, ropes, and scaffolds and should avoid concentrated exposure to hazards. *Id.* Dr. Robert Gardner, a state agency physician, reviewed the evidence on February 22, 2012. *Id.* at 105–07. Dr. Gardner opined that Owen retained the ability to perform medium work with additional limitations, *to wit.*, only occasional climbing of ladders, ropes, and scaffolds and should avoid concentrated exposure to hazards. *Id.* at 105–07, 118–20.

Owen had a neurological evaluation with Dr. Khaled Jreisat on February 3, 2012. *Id.* at 492–93. Owen complained of difficulty with balancing and feeling on his left side. *Id.* at 482. Dr. Jreisat noted a normal neurological exam as well as a decrease in feeling and mild residual weakness on the right side. *Id.* at 493. No functional limitations were assessed. *Id.*

### D.     Residual Functional Capacity

Owen first asserts that ALJ Christ erred in finding that he could perform medium work with additional limitations. Owen contends that his limitations in standing and walking only allow work at the sedentary exertional level. An RFC for sedentary work, coupled with his age,

education, and skills, would direct a finding of "disabled" under Grid Rule 201.14. The Commissioner contends, correctly, that substantial evidence supports ALJ Christ's finding that Owen is capable of medium work with additional limitations.

Owen argues that he cannot perform work at the medium level, which generally requires walking and/or standing six hours in an eight hour workday. *See* S.S.R. 83-10, 1983 WL 31251, at *6. Owen contends that the medical evidence establishes his inability to stand for six hours. D.E. 19 at 14. In support of this argument, he notes his 2010 stroke, which left him with residual numbness, (tr. at 357); his dislocated little toe and degenerative joint disease in his ankle, which caused him ongoing foot pain, (*id.* at 366); and his testimony that he could only stand for five minutes, (id. at 35). Owen maintains that he could only perform sedentary work which, under the Grid Rules, would direct a finding of "disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.14.

Despite Owen's arguments, there is substantial evidence to support ALJ Christ's determination that he is capable of a limited range of medium work. First, after reviewing the medical evidence of record, both Drs. Parrish and Gardner opined that Owen could perform medium work with limitations on both climbing ladders, ropes, and scaffolds and avoiding concentrated exposure to hazards. Tr. 77–79, 105–07. ALJ Christ gave significant weight to these findings. *Id.* at 21. *See* S.S.R. 96–6p (providing that an ALJ may afford great weight to non-examining state agency physicians' opinions); 20 C.F.R. § 404.1527 ( "State agency medical consultants . . . are highly qualified physicians . . . who are also experts in Social Security disability evaluation.").

Additionally, the medical evidence undermines Owen's claims regarding his limited ability to walk. Although he suffered a stroke in 2010, the effects had largely resolved within 12

months as he returned to work for five months. Tr. 411. Records also noted that he had full strength, full range of motion, intact coordination, and no residual weakness. *Id.* at 411, 429, 450. Despite x-rays showing his toe was dislocated, Owen was able to work, was observed to have a normal gait and, although surgery was initially recommended, the course of treatment was only palliative care only month later. *Id.* at 420, 440, 450, 493.

In sum, Owen's subjective complaints are insufficient to overcome the objective medical evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (in evaluating a claimant's symptoms, the nature and extent of a claimant's treatment are relevant factors in assessing the severity of the claimant's symptoms); *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992) (finding conservative treatment inconsistent with an allegation of disability). Given the consistency of the opinions of Drs. Parrish and Gardner with the medical record, ALJ Christ was entitled to reply upon them as substantial evidence of Owen's RFC. *See Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986) (where the opinions of the state agency medical consultants are consistent with the other evidence of record, the ALJ is entitled to rely upon the opinions in determining a claimant's RFC).

Inasmuch as as Owen has failed to establish that ALJ Christ improperly determined his RFC, his reliance on Grid Rule 201.14, which applies to sedentary work, is inapplicable. Accordingly, the undersigned finds that Owen's argument on this issue lacks merit.

### E.  Additional evidence

Alternatively, Owen also contends that additional evidence of arthritis in his bilateral hips and left shoulder warrants remand for further consideration. *See* 42 U.S.G. § 405(g). The Commissioner maintains that the additional evidence references only symptoms and diagnoses, and does not contain corresponding functional limitations. Consequently, she maintains that the

additional evidence does not provide a basis for remand. Given the substance of the additional medical evidence, the court concludes that such evidence does not require remand.

When a claimant submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). Under sentence six, "[t]he court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.*

Evidence is new if it is not duplicative or cumulative. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). It is material if there is a "reasonable possibility that the new evidence would have changed the outcome of the case." *Id.* The burden of showing that the good-cause for failing to submit the evidence earlier rests with the plaintiff. *See Fagg v. Chater*, 1997 WL 39146, at *2 (4th Cir. 1997).

The additional evidence Owen submits consists of treatment notes from Dr. Douglas Messina, M.D. dated October 2014 and November 2014. Dr. Messina reviewed an x-ray of Owen's left shoulder and diagnosed glenohumeral arthritis. D.E 19, Ex. 1. A shoulder replacement was a possible treatment. *Id.* In November 2014, Dr. Messina reviewed x-rays of Owen's hips. *Id.* Dr. Messina noted there were some degenerative changes, with the left being

8

worse than the right. *Id.* He diagnosed bilateral hip arthritis with trochanteric bursitis, for which Owen was prescribed medication. Treatment notes indicate that injection therapy was possible if the symptoms persisted. *Id.*

This additional evidence qualifies as "new" inasmuch as it did not exist at the time ALJ Christ issued his decision. Consequently, Owen is also able to demonstrate "good cause" for failing to submit this evidence earlier because it did not exist at the time of the administrative proceedings.

The parties dispute whether this evidence is also material. ALJ Christ noted in his decision that "[t]he medical evidence fails to document any clinical or objective findings relating to [his] allegations of arthritis in his shoulder and hips" although he had averred that he had two shoulder surgeries. Tr. at 20. ALJ Christ further observed that the medical record did not document any treatment for shoulder or hip pain during the relevant time. *Id.* Owen contends that the treatment records from Dr. Messina are the type of evidence ALJ Christ referenced in his decision. He also asserts that Dr. Messina's records note the degenerative nature of his shoulder and hip arthritis, suggesting the progressive and worsening nature of his condition. The Commissioner contends that the additional evidence, dated 16–17 months after the ALJ's decision, is not sufficiently related to the period at issue so as to be material to the disability determination.

"[I]n order for the court to properly grant a remand due to additional evidence, the additional evidence must . . . relate to the period on or before the date of the ALJ's decision." *Duncan v. Astrue*, No. 1:09-cv-00042, 2010 WL 723710, at *18 (W.D. Va. Feb. 26, 2010) (citing *Wilkins*, 953 F.2d at 95–96)). Evidence dated after the ALJ's decision relates back if it provides additional insight into impairments the claimant suffered while the ALJ was reviewing his case.

9

*See Wilson v. Colvin*, No. 7:13-cv-113, 2014 WL 2040108, at *4 (W.D. Va. May 16, 2014) (finding that evidence met this standard when it "relate[d] to physical problems, and related subjective symptomology, which were addressed by the [ALJ] in his opinion"). Conversely, evidence is not related when it is not representative of the claimant's condition at the time of the ALJ's decision, such as when his condition has deteriorated or a new condition has developed. *See Dunn v. Colvin*, 973 F. Supp. 2d 630, 643 (W.D. Va. 2013) (citing *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008)) ("[I]f a social security claimant develops additional impairments or those impairments worsen after his first application for benefits, the proper recourse is to submit a new application.").

Although ALJ Christ referenced Owen's shoulder and hip pain in his decision, the medical record before ALJ Christ neither noted arthritis in Owen's hips and shoulder as a diagnosis nor showed that Owen had received treatment for this condition. The subsequent diagnoses of arthritis in both his hips and his left shoulder fails to address Owen's condition at the time in question before ALJ Christ, December 3, 2010, through June 12, 2013. While his arthritis may have been present during this time, and progressive in nature, the additional evidence from Dr. Messina does not specifically address Owen's condition during the relevant period nor can the court infer that Owen's condition in the fall of 2014 relates back to his status during the time at issue before ALJ Christ. Dr. Messina noted that Owen had surgery for shoulder instability many years ago and, since then, he has had stiffness and pain. D.E. 19, Ex. 1. Dr. Messina further observed that "*[o]ver the past year*, [Owen] has had increasing pain which limits his activities." *Id.* (emphasis added). A fair interpretation of Dr. Messina's treatment notes, which indicate increasing pain and stiffness in the year preceding the October 2, 2014 appointment, would indicate that his assessment does not go as far back as the date of the ALJ's

decision on June 12, 2013. Given the significant time lapse between ALJ Christ's decision and the new medical evidence, the court cannot conclude that the additional evidence relates back to the relevant time period at issue. *See Edwards v. Astrue*, No. 7:07CV48, 2008 WL 474128, at *9 (W.D. Va. Feb. 20, 2008) (denying remand where new evidence did not relate back to relevant time period and was created over six months after ALJ's decision).

Moreover, even if the additional evidence submitted by Owen could be viewed as relating back to the relevant time period, it is not material in that it would not have changed ALJ Christ's decision. Although he diagnosed arthritis, Dr. Messina did not impose functional limitations correlating to the diagnoses. D.E. 19, Ex. 1. Additionally, the treatment of Owen's hip arthritis was conservative, consisting of medications and possibly injection therapy. *Id.* Owen declined an injection for his shoulder, but was prescribed medications and took the possibility of shoulder replacement under advisement. *Id.*

In sum, Owen has failed to demonstrate that the additional evidence from Dr. Messina is either material to the ALJ's decision or relates to the time period at issue before ALJ Christ. For these reasons, remand is not warranted. Consequently, the court recommends that Owen's motion be denied on this issue.

### III. Conclusion

For the forgoing reasons, the court recommends that Owen's Motion for Judgment on the Pleadings (D.E. 18) be denied, that Colvin's Motion for Judgment on the Pleadings (D.E. 20) be granted, and that the Commissioner's final decision should be affirmed.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file

written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Owen v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: December 2, 2015.

*[signature: Robert T. Numbers II]*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE