IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-255-FL

| | |
|---|---|
| ALTON B. OWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Federal Civil Procedure Rule 12(c). (DE 18, 20). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed objections to the M&R, and defendant did not file a response. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, grants defendant's motion for judgment on the pleadings, and denies plaintiff's motion for the same.

**BACKGROUND**

On September 29, 2011, plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of December 3, 2010. Plaintiff's claims were denied initially and upon reconsideration. On May 22, 2013, hearing was held before an administrative law judge ("ALJ"). On June 12, 2013, the

ALJ entered order denying plaintiff's claims. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied plaintiff's request for review on August 29, 2014. Plaintiff filed complaint in this court seeking administrative review of the Commissioner's decision on October 31, 2014.

**DISCUSSION**

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."

2

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 3, 2010, the date alleged disability began. At step two, the ALJ found that plaintiff had the following severe impairments: residual effects of stroke and arthritis. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the Listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, subject to certain limitations. These limitations included: no

3

climbing ladders, ropes or scaffolds; balancing only occasionally; reaching overhead only occasionally; avoiding moderate exposure to extreme heat; and avoiding all exposure to moving machinery and unprotected heights. In making this assessment, the ALJ found plaintiff's statements about his own limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

B.    Analysis

Plaintiff argues that the ALJ erred in determining that plaintiff "was physically capable of work at a medium level of exertion, rather than a sedentary level of exertion." (Pl.'s Obj. 2). In particular, plaintiff contends: that objective evidence shows plaintiff was unable to stand or walk for six hours; that plaintiff's subjective complaints on the issue of his standing and walking suffice to overcome countervailing objective medical evidence; and that the M&R mischaracterizes plaintiff's return to work after his injury. Upon careful review of the record, the court finds plaintiff's arguments to be without merit.[1]

First, plaintiff argues in his objection that "MRI evidence of stroke . . . and an X-ray of a dislocated toe in his right foot and degenerative joint disease in his right foot" provide sufficient objective evidence to refute findings that plaintiff is able to stand or walk six hours per work day, and lift up to 50 pounds. The ALJ incorporated the MRI and x-ray reports in analysis of plaintiff's RFC (Tr. 18), and the magistrate judge addressed this argument and those documents in the M&R. (Mem. and R. 6–7). Upon review of the record, the court finds the M&R's reasoning persuasive on

---

[1] In plaintiff's motion for judgment on the pleadings, he argues remand is necessary in order to consider new evidence. The magistrate judge analyzed and rejected this argument, and plaintiff does not object to the M&R's conclusion. The court has reviewed the M&R's analysis, and, finding no clear error, herein adopts the M&R with respect to this point. See Diamond, 416 F.3d at 315. Accordingly, the court finds no remand is necessary.

4

this point, particularly with regard to those injuries cited by plaintiff: records relating to plaintiff's stroke show that he regained full strength, range of motion, and coordination (Tr. 411, 429, 450); and records relating to plaintiff's toe and foot show that he maintained a normal gait, and required only minimal palliative treatment. (Tr. 420, 450, 493).

Moreover, plaintiff's argument is conclusory where it references two medical reports in the record, but fails to explain how those reports support plaintiff's argument. Such explanation is necessary, especially in light of medical doctors drawing conclusions opposite from plaintiff's based upon those reports. (See, e.g., Tr. 411, 420, 429). Accordingly, the court adopts the M&R's reasoning in relevant part, and finds that plaintiff's argument on this point is without merit.

Second, plaintiff argues in his objection that his subjective complaints about standing and walking suffice to overcome countervailing objective medical evidence. Plaintiff's argument repeats parts of previous contentions already addressed by the ALJ and M&R. The ALJ assessed plaintiff's subjective complaints according to a two-step process established in Craig v. Chater, 76 F.3d 585, 594–95 (4th Cir. 1996): "First, there must be objective medical evidence showing 'the existence of medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. at 594 (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). Second, the adjudicator must assess credibility of the plaintiff's "statements about the intensity, persistence, and limiting effects of [the plaintiff's] symptoms, and . . . evaluate [the plaintiff's] statements in relation to the objective medical evidence and other evidence." Id. at 595–96 (quoting 20 C.F.R. §§ 416.929(c)(4), 404.1529(c)(4)).

The decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must . . . [specify] the weight the adjudicator gave to the

5

individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996); see also Thrasher v. Colvin, No. 7:13-CV-245-FL, 2015 WL 1431702, at *2 (E.D.N.C. Mar. 27, 2015). Use of boilerplate language in place of substantive analysis is improper, Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), but such language is harmless where the ALJ also identifies the plaintiff's subjective statements and cites specific evidence to explain why those statements are not credible. Young v. Colvin, No. 5:13-CV-823-FL, 2015 WL 1433544, at *2–4 (E.D.N.C. Mar. 27, 2015).

The ALJ properly completed both steps in his RFC analysis. After reiterating plaintiff's subjective complaints, including those regarding standing and walking, the ALJ determined that plaintiff's impairments reasonably could be expected to cause the symptoms plaintiff described. (Tr. 18). In performing the second step of analysis, the ALJ first considered plaintiff's complaints regarding his right foot. In light of objective medical evidence contained in the record, the ALJ noted that "[a]n imaging study does reveal some abnormalities in claimant's right foot, but it does not appear that claimant has had extensive treatment for his right foot." (Tr. 18). The ALJ also considered another doctor's follow-up report on this issue: "[Plaintiff] had a steady gait and a stable heel toe gait. . . . Although claimant testified that he could not kneel or squat, claimant's ability to squat and rise was intact during his consultative examination." (Tr. 19). Accordingly, the ALJ concluded that plaintiff's subjective complaints regarding his right foot "fail[ ] to be consistent with a conclusion that claimant experiences disabling limitations." (Tr. 18).

The ALJ considered next plaintiff's complaints regarding the effect of his stroke upon his ability to walk and stand: "[T]reatment notes, however, do not document objective or clinical findings indicating significantly limiting residual effects of claimant's stroke. . . . [Plaintiff] did not

6

routinely report these symptoms. Morever, other statements claimant made to his primary care provider indicate that the residual effects of stroke were not particularly bothersome." (Tr. 18). The ALJ went on to consider two doctors' consultative examinations of plaintiff, both of which reported that plaintiff's "cerebellar examination, coordination, and gait were all within normal limits." (Tr. 19). Having provided specific reasons for his finding, the ALJ concluded that plaintiff's subjective complaints "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 18). In doing so, the ALJ satisfied the standard set out by Craig and Masico for assessing plaintiff's subjective complaints about standing and walking in light of objective medical evidence. See Craig, 76 F.3d at 594–95; Mascio, 780 F.3d at 639–40; see also Young, 2015 WL 1433544, at *2–4.

The M&R addressed plaintiff's argument on this point as well. The magistrate judge properly considered the minimal medical treatment for plaintiff's right foot to be relevant in assessing the severity of plaintiff's subjective symptoms, and explained the weight accorded to consistent diagnoses made on this subject by multiple medical doctors. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (including nature and extent of claimant's treatment as relevant factors in assessing severity of claimant's symptoms); Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986) (finding ALJ entitled to rely upon the opinions of state agency medical consultants where they are consistent with other evidence of record). Therefore, in light of the proper assessments by the ALJ and the M&R, plaintiff's argument that his subjective complaints overcome countervailing objective medical evidence is without merit.

Third, plaintiff argues in his objection that the M&R mischaracterizes plaintiff's return to work as a landscaper. In particular, plaintiff argues that the magistrate judge erred in noting plaintiff

7

"was 'able to work,' from April 2011 through September 2011," (citing Mem. and R. 4); instead, plaintiff contends that he "simply engaged in an unsuccessful work attempt and was physically unable to actually perform this work." (Pl.'s Obj. 2). However, the page of the M&R cited by plaintiff does not contain the phrase "able to work"; rather, it states: "From April 15, 2011, until September 9, 2011, [plaintiff] returned to his previous work as a landscape supervisor." (Mem. and R. 4). Although the M&R notes elsewhere that plaintiff was "able to work," (Id. at 7), it does so only in the context of a paragraph describing the period of plaintiff's post-injury work, and only after twice previously characterizing it as plaintiff's "return[ ] to work." (Id. at 4, 6–7).

More importantly, the M&R's description accurately represents the facts contained in the record as they relate to plaintiff's period of post-injury work. The M&R cites as support for its statements plaintiff's Social Security Administration Work Activity Report, which shows that plaintiff worked an average of 25 hours per week as a landscaper for his former employer, Harmon Landscaping, and that plaintiff returned to work on "04/15/2011 because I felt like I was better and that I was able to attempt it," and stopped working upon "feeling really bad . . . as of 09/09/2011." (Tr. 267–68, 281). Plaintiff cites the ALJ opinion in support of his objection to the M&R's language, but the ALJ opinion contains analysis similar to that in the M&R: "[T]he undersigned has given claimant the benefit of the doubt that his work activity was an unsuccessful work attempt. . . . Nevertheless, claimant's choice to return to his past relevant work, which . . . was medium in exertional level, detracts from his credibility with respect to the extent of his limitations." (Tr. 19). Accordingly, plaintiff's misreading of the M&R, and the M&R's accurate representation of plaintiff's return to work, show that plaintiff's objection on this point is without merit.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder thereof, the court ADOPTS the recommendation of the magistrate judge as its own. (DE 23). Defendant's motion for judgment on the pleadings is GRANTED, (DE 20), and plaintiff's motion on the same is DENIED. (DE 18). The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 21st day of January, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

9